SUNRAY SANITATION, Inc. and
Carl D. CARPENTER *v.* PET, Inc.

5-5410                                      461 S. W. 2d 110

Opinion delivered December 21, 1970
[Rehearing denied January 18, 1971.]

*Crouch, Blair, Cypert & Waters,* for appellants.

*Russell Elrod,* for appellee.

GEORGE ROSE SMITH, Justice. The plaintiff-appellee, Pet Incorporated, is engaged in the processing and sale of milk and milk products. In 1965 one of its tank trucks, loaded with some 48,000 pounds of milk, overturned on Highway 68 in Benton county and was heavily damaged. In 1968 Pet brought this action for its damages against the appellants, Sunray Sanitation and its employee Carl D. Carpenter, alleging that Sunray's garbage truck had negligently spilled rotten eggs and other semi-liquid debris on the highway, creating a dangerous condition that caused Pet's tractor and trailer to overturn.

At the conclusion of the plaintiff's proof the defendants moved for a directed verdict. Their motion was denied. The defendants then elected to stand upon

their motion, and the case was submitted to the jury upon the plaintiff's evidence. This appeal is from a $6,984.68 verdict and judgment for Pet.

Basically, the appellants contend that Pet's competent proof was insufficient to establish either the appellants' liability or the extent of the appellee's damages. This contention turns upon the admissibility of testimony given by three witnesses for Pet, all the testimony having been permitted by the trial court to go to the jury.

Sunray Sanitation was engaged in the business of collecting and disposing of garbage. Carpenter was assertedly its manager and truckdriver. At the point of the accident there is a dip in the highway, with an abrupt upgrade. There is also a sharp turn in the highway, almost a right angle. It was Pet's theory that on the day of the accident Sunray's loaded garbage truck, in making the turn in the dip, was negligently allowed to spill debris upon the highway, creating a dangerously slick condition that resulted in the damage to Pet's tractor-trailer and the loss of its load of milk.

Pet called two witnesses to establish Carpenter's agency for Sunray and his negligence. The witness Partlow, a State police officer, investigated the accident at the scene. He testified that in attempting to ascertain the source of the debris on the highway he called the Springdale Police Department and asked them to find out the manager of the company that delivered the spilled eggs and have the man call Partlow by telephone. Later that night a man who identified himself as Carpenter telephoned Partlow and told him that he had made two trips to a poultry processing plant that day, hauling eggs of the type that were spilled. The jury could also have found that Carpenter said that he was the manager of Sunray.

The appellants object to Partlow's testimony, on the ground that he did not know Carpenter and was not able to recognize his voice. In the circumstances, however, the testimony was admissible, its weight being

for the jury. The controlling distinction in such a situation is well stated in McCormick on Evidence, § 193 (1954):

> If a witness testifies that he received a telephone call "out of the blue," and that the voice at the other end declared, "This is X calling," followed by a message from the purported X, this is not a sufficient authentication of the message as coming from X. The needed link, however, will be supplied if the witness testifies that he recognized X's voice, or if the message reveals that the speaker had knowledge of facts that only X would be likely to know, or if other confirming circumstances make it probable that X was the speaker.

Partlow's testimony, when tested by McCormick's reasoning, was admissible. The fact that the person called in response to Partlow's relayed request certainly indicates that Carpenter was in fact the caller. That conclusion is further confirmed by the caller's admission of having hauled eggs from the processing plant. For similar cases involving calls made in response to a request see *Godair* v. *Ham Nat. Bank,* 225 Ill. 572, 80 N. E. 407 (1907), and *Morriss* v. *Finkelstein,* 145 S. W. 2d 439 (Mo. App. 1940). Of course it is remotely possible, as the appellants suggest, that an employee of Pet learned of the police investigation and impersonated Carpenter, but the appellants were free to argue that theory to the jury. It is not sufficiently probable to make the testimony inadmissible.

Another witness, Dale Reeve, who was a Pet employee, also investigated the accident. He arrived at the scene a few minutes after the accident and then drove to the processing plant "to catch up with this truck that had caused this spillage on the highway." When Reeve reached the plant a truck with Sunray's name painted on the side was in the yard. The driver identified himself as Carpenter and said that he had just come from Springdale with a load of waste. Reeve described the truck as being constructed in such a way that liquid debris could easily spill out of a catch-pan

at the back end of the vehicle whenever there was a change in speed or direction. Under our decisions the fact that Sunray's name was painted on the truck was a basis for an inference by the jury that Carpenter was an employee of Sunray and was acting in the course of his employment. *T. I. M. E. Freight* v. *McNew*, 241 Ark. 1048, 411 S. W. 2d 500 (1967). We find Reeve's testimony to have been admissible.

A third witness, Marie Southworth, identified a number of business records that showed that Pet had paid $8,000 to have repairs made to the damaged tank trailer. When the appellants objected to the testimony on the ground that the witness had not established the reasonableness of the repair bill, the court merely took the objection under advisement. The objection was not thereafter followed up by a request that the evidence be excluded; so the assertion of error was not sufficiently preserved to make it available in this court. *St. Louis & S. F. Ry.* v. *Brown*, 62 Ark. 254, 35 S. W. 225 (1896).

Finally, we find no merit in the appellants' complaints about the court's instructions to the jury. The court properly refused to give an instruction about the speed of the Pet vehicle, because there was no proof of its speed. We find no inherent error in the court's instruction No. 17, but we need not extend this opinion by discussing it; for the only specific objection made to it was interposed after the jury had retired, which was too late for an asserted error to be corrected. *Hickory Springs Mfg. Co.* v. *Emerson*, 247 Ark. 987, 448 S. W. 2d 955 (1970).

Affirmed.